UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| 24-7 BRIGHT STAR HEALTHCARE, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRIGHT STAR NON-MEDICAL TRANSPORTATION LLC, <br><br> Serve: Irihose Obed <br> Registered Agent <br> 5312 Peters Creek Road <br> Suite B <br> Roanoke, Virginia 24019 - 3856 <br><br> Defendant. | **JURY TRIAL DEMANDED** <br><br> Civil Action No. 7:24cv00220 |

## COMPLAINT

This is an action by 24-7 Bright Star Healthcare, LLC ("Plaintiff") for monetary damages and injunctive relief arising from Bright Star Non-Medical Transportation LLC's ("Defendant") infringement of Plaintiff's trademarks, including its BRIGHTSTAR trademark. In support of its claims for relief, Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business at 1125 Tri-State Parkway, Gurnee, Illinois 60031.

2. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 5312 Peters Creek Road, Suite B, Roanoke, Virginia 24019 - 3856.

## JURISDICTION AND VENUE

3. Through this Complaint, Plaintiff asserts claims against Defendant that arise under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*

4. The Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 15 U.S.C. § 1121(a) because Plaintiff's claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

5. Jurisdiction over the common law claim is also appropriate under 28 U.S.C. § 1367(a) because that claim is substantially related to the federal Lanham Act claims.

6. The Court has personal jurisdiction over Defendant because Defendant is a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business in Virginia. The Court also has personal jurisdiction over Defendant because the causes of action pled herein arise from Defendant's transacting business in Virginia and because Defendant is causing tortious injury to Plaintiff by acts or omissions taking place in Virginia.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because: (a) Defendant's principal place of business is in this judicial district; (b) under 28 U.S.C. §§ 1391(b)(2)-(3), a substantial part of the events giving rise to the claims for relief herein occurred in this judicial district; and (c) Defendant is subject to the Court's personal jurisdiction for the claims alleged herein.

26989\1\11763927v1

## BACKGROUND FACTS

A.  **Plaintiff's Well-Known BRIGHTSTAR Marks.**

8.  Plaintiff, through its franchisees and licensees, offers a variety of services, including professional, compassionate home health care services offered by nurses, therapists, certified nursing assistants, and caregivers through more than 300 franchised locations nationwide, including multiple locations in Virginia.

9.  In addition, Plaintiff, through its franchisees and licensees, offers transportation services to variety of individuals, including, without limitation, seniors, adults, and individuals with mobility challenges.

10. Since at least as early as 2004, Plaintiff, together with its licensees and franchisees, have used the trademark BRIGHTSTAR, and variations thereof, in connection with home healthcare and transportation services.

11. Plaintiff owns at least the following U.S. trademark registrations which incorporate the BRIGHTSTAR trademark:

| Trademark | Classes Covered | Reg. No. | Reg. Date |
|---|---|---|---|
| BRIGHTSTAR | Services in Classes 35, 39, 43, 44, and 45 | 3608702 | 21-Apr-2009 |
| BRIGHTSTAR SENIOR LIVING | Services in Class 43 | 4538086 | 27-May-2014 |
| BRIGHTSTAR CARE | Services in Class 35 | 3101923 | 06-Jun-2006 |
| BRIGHTSTAR SENIOR LIVING (and design) | Services in Class 43 | 4557235 | 24-Jun-2014 |
| BRIGHTSTAR CARE A HIGHER STANDARD OF HOME CARE (and design) | Services in Classes 35, 39, 43, 44, and 45 | 4844658 | 03-Nov-2015 |

3

| Trademark | Classes Covered | Reg. No. | Reg. Date |
|---|---|---|---|
| BRIGHTSTAR CARE | Services in Classes 39, 43, 44, and 45 | 3608701 | 21-Apr-2009 |
| BRIGHTSTAR CONNECTIONS | Services in Class 43 | 4588598 | 19-Aug-2014 |
| BRIGHTSTAR CARE HOME CARE MEDICAL STAFFING A HIGHER STANDARD (and design) | Services in Classes 35, 39, 43, 44, and 45 | 4659696 | 23-Dec-2014 |
| BRIGHTSTAR CARE (and design) | Services in Classes 39, 43, 44, and 45 | 3608700 | 21-Apr-2009 |

12. These marks are hereinafter referred to as the "Brightstar Marks," and certificates of registration for each registration are attached as **Exhibit 1**.

13. All of the foregoing registrations for the Brightstar Marks are in full force and effect and all are incontestable under 15 U.S.C. § 1065.

14. The Brightstar Marks are inherently distinctive.

15. Plaintiff also owns common law rights in the Brightstar Marks arising from its use of these marks in connection with home healthcare services and transportation services in Virginia.

**B.   Defendant's Unlawful Activities.**

16. Upon information and belief, in or around February 2023, Defendant was established in Virginia under the business name Bright Star Non-Medical Transportation LLC.

17. Upon information and belief, shortly thereafter, Defendant adopted and began using the marks BRIGHTSTAR and BRIGHT STAR NON MEDICAL TRANSPORTATION ("Defendant's Marks") in connection with transportation services, including, without limitation, transportation for seniors, adults, and individuals with mobility challenges.

26989\1\11763927v1

18. Defendant's services under Defendant's Marks are advertised on its website at http://brightstarnonmedicaltransport.com/ (the "Domain Name"), a screenshot of which appears on the following page:



19. The website at Defendant's Domain Name depicts both the BRIGHTSTAR and BRIGHT STAR NON MEDICAL TRANSPORTATION trademarks.

20. Defendant's services in providing transportation for seniors, adults, and individuals with mobility challenges under Defendant's Marks are the same as, or highly similar to, the services offered by Plaintiff under the Brightstar Marks.

21. Defendant's BRIGHTSTAR mark is identical to Plaintiff's BRIGHTSTAR trademark.

26989\1\11763927v1

22. Defendant's BRIGHTSTAR NON MEDICAL TRANSPORT mark is virtually identical to Plaintiff's BRIGHTSTAR trademark and merely adds the generic words "Non Medical Transportation" to Plaintiff's registered BRIGHTSTAR mark.

23. Defendant's use of Defendant's Marks in providing transportation services without Plaintiff's authorization is causing consumer confusion or likely to cause consumer confusion as to the source of Defendant's services and result in damage and detriment to Plaintiff and its reputation and goodwill.

C. **Plaintiff's Futile Attempts to Amicably Resolve the Dispute**.

24. On September 26, 2023, Plaintiff sent a letter to Defendant explaining Plaintiff's trademark rights, requesting Defendant cease its use of Defendant's Marks, and offering to give Defendant a reasonable period of time to phase out its use of Defendant's Marks.

25. Defendant responded on October 11, 2023 stating: "This is to categorically deny any infringement.. [sic] Your registered trademark is BrightStar Care(R)."

26. Plaintiff sent Defendant a second letter on November 1, 2023 again explaining Plaintiff's trademark rights in both the BRIGHTSTAR and BRIGHTSTAR CARE marks and again requesting Defendant cease use of Defendant's Marks.

27. Defendant did not respond to Plaintiff's November 1, 2023 letter.

28. On January 3, 2024, Plaintiff contacted Defendant by phone in a final attempt to amicably resolve this matter.

29. Plaintiff's phone call to Defendant went directly to an automated directory with three options: (a) dial an extension; (b) access a company directory; or (c) speak to a representative. Plaintiff is unaware of any extensions for Defendant or its owner, and the second and third options produced an automated response of "invalid entry."

30. Despite Plaintiff's numerous, reasonable efforts to amicably resolve this matter, Defendant's corporate registration and website at the Domain Name advertising Defendant's Marks remain active.

31. Upon information and belief, Defendant continues to offer services, including transportation for seniors, adults, and individuals with mobility challenges, under Defendant's Marks .

32. Defendant uses and, upon information and belief, intends to continue to use Defendant's Marks without Plaintiff's authorization, thereby confusing consumers as to the source of Defendant's services and resulting in damage and detriment to Plaintiff and its reputation and goodwill.

33. Upon information and belief, Defendant willfully and knowingly used and continues to use Defendant's Mark with knowledge of Plaintiff's rights in the Brightstar Marks.

## COUNT I
### Federal Trademark Infringement
### (15 U.S.C. § 1114)

34. Plaintiff realleges the allegations contained in paragraphs 1 through 33, inclusive, of this Complaint as though fully set forth herein.

35. Defendant's actions described above and specifically, without limitation, its unauthorized use of Defendant's Marks, which are confusingly similar to Plaintiff's Brightstar Marks, in commerce to advertise, promote, market, and sell Defendant's services throughout the United States, including in Virginia, constitute infringement of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §1114.

36. Defendant has used in commerce, without Plaintiff's permission, Defendant's Marks in a manner that is likely to cause confusion with respect to the source and origin of

Defendant's business and is likely to cause confusion or mistake and to deceive purchasers as to the affiliation, connection, approval, sponsorship or association of Plaintiff and the Brightstar Marks with Defendant and Defendant's services.

37. Defendant's actions, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Brightstar Marks and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

38. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant in connection with its unauthorized use of Defendant's Marks, and the costs of this action.

39. Upon information and belief, Defendant's actions are willful, and Defendant intentionally caused and continues to cause confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II
**Federal Unfair Competition, Trademark Infringement, and False Designation of Origin**
**(15 U.S.C. § 1125(a))**

40. Plaintiff realleges the allegations contained in paragraphs 1 through 39, inclusive, of this Complaint as though fully set forth herein.

41. Defendant's actions described above and specifically, without limitation, its unauthorized use of Defendant's Marks, which are confusingly similar to the Brightstar Marks, in commerce to advertise, promote, market, and sell Defendant's services throughout the United States, including in Virginia, constitute federal unfair competition and trademark infringement in violation of 15 U.S.C. § 1125(a).

42. Defendant's unauthorized use in commerce of Defendant's Mark constitutes a false designation of origin and a false association that wrongfully and falsely designates the services and products offered thereunder as originating from Plaintiff or being associated, affiliated, or connected with or approved or sponsored by Plaintiff.

43. Defendant's actions, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Brightstar Marks and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

44. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant in connection with its unauthorized use of Defendant's Marks, and the costs associated with this action.

45. Upon information and belief, Defendant's actions are willful, and Defendant intentionally caused and continues to cause confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III
### Common Law Unfair Competition

46. Plaintiff realleges the allegations contained in paragraphs 1 through 45, inclusive, of this Complaint as though fully set forth herein.

47. Defendant's actions complained of herein constitute unfair competition under the common law of the Commonwealth of Virginia.

48. Defendant's actions have caused and will likely continue to cause confusion, mistake, and deception among consumers.

26989\1\11763927v1

49. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff, including irreparable harm for which there is no adequate remedy at law.

50. As a consequence of Defendant's unfair competition, Plaintiff is entitled to damages and injunctive relief ordering Defendant to cease this unfair competition.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

1. That this Court enter judgment against Defendant as indicated below:

    a. that Defendant has committed and is committing acts of trademark infringement and unfair competition in violation of 15 U.S.C. §§ 1114, 1125(a), and common law;

    b. that Defendant has willfully and knowingly committed and is committing acts of trademark infringement in violation of 15 U.S.C. §§ 1114, 1125(a), and common law;

    c. that Defendant has committed unlawful acts, conduct, and practices in Virginia constituting unfair competition under common law;

2. That this Court grant Plaintiff preliminary and permanent injunctive relief under 15 U.S.C. § 1051, *et seq.* restraining and enjoining Defendant and its agents, partners, servants, employees, officers, attorneys, managers, successors and assigns, and all persons acting in concert with or on behalf of Defendant from:

    a. using, imitating, copying, or making any other infringing use of the Brightstar Marks and any other mark now or hereafter confusingly similar or identical thereto, including, but not limited to, Defendant's Marks;

b. manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any goods or services under any simulation, reproduction, counterfeit, copy, or colorable imitation of the Brightstar Marks, including, but not limited to, Defendant's Marks;

c. using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals, erroneously to believe that any good or service has been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Plaintiff, when such is not true in fact;

d. using any mark identical or confusingly similar to the Brightstar Marks, including, without limitation, Defendant's Marks;

e. engaging in any other activity constituting an infringement of the Brightstar Marks or of Plaintiff's rights in, or right to use or to exploit, said marks; and

f. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

3. That this Court order Defendant to hold in trust, as constructive trustees for the benefit of Plaintiff, its profits obtained from its provision of Defendant's goods and services under Defendant's Marks;

4. That this Court order Defendant to provide Plaintiff a full and complete accounting of all amounts due and owing to Plaintiff as a result of Defendant's unlawful activities;

26989\1\11763927v1

5. That this Court order Defendant to pay Plaintiff's damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a) for Defendant's willful violation of the Brightstar Marks;

6. That this Court order Defendant to pay trebled damages for the damages sustained by Plaintiff that are attributable to Defendant's willful and knowing infringement of Plaintiff's federally registered trademarks, pursuant to 15 U.S.C. § 1117;

7. That this Court order Defendant to pay to Plaintiff both the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action;

8. That this Court order Defendant to pay pre-judgment and post-judgment interest in the maximum amount allowed under the law; and

9. That this Court award Plaintiff such other and additional relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all claims so triable.

Dated: March 28, 2024                       Respectfully submitted,

                                            24-7 BRIGHT STAR HEALTHCARE, LLC


                                            By:   */s/Kevin W. Holt*
                                                        Of Counsel

Kevin W. Holt (VSB No. 42866)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, Virginia 24022-0013
(540) 983-9300
FAX: (540) 983-9400
holt@gentrylocke.com

*Counsel for Plaintiff*